**IN THE UNITED STATE DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VERGINIA**


**ERNEST TILLEY,**

        **Plaintiff,**

**v.**                                             **Civil Action Number:** 2:25-cv-00259


**DEPUTY PIERSON, in his
individual and official capacity as a patrolman
of Fayette County Sheriff's Department under the Fayette County
Commission, DEPUTY FOX, in his individual and official
capacity as a patrolman of Fayette County Sheriff's Department under
the Fayette County Commission,  JOHN AND JANE
DOES, in their individual capacity and official capacities
as police officers of the Fayette County Sheriff's Department
under the Fayette County Commission, the
FAYETTE COUNTY COMMISSION,
WV STATE TPR. JOSEPH L. MILAM, in his
official capacity as a Trooper with the West Virginia
State Police, WEST VIRGINIA STATE
POLICE, and JOHN AND JANE
DOES, in their individual capacity and official capacities
as police officers of the West Virginia State Police.**


        **Defendants.**


**COMPLAINT**

      This is an action brought by Plaintiff Ernest Tilley, pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, and the West Virginia Governmental Tort Clams and Insurance reform Act, W. Va. Code § 29-12A-1 et seq., seeking relief for excessive force, assault and battery, deliberate indifference, false arrest, malicious prosecution and failure to train in violation of his rights secured by the Fourth Amendment to the U.S. Constitution and the rights secured under the state law of West Virginia.

1

## JURISDICTION

1. The Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 1331 and 1343(3) and (4), as this action seeks redress for violations of Plaintiffs constitutional and civil rights.

2. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§2202 and Rule 57 of the Federal Rules of Civil Procedure.

3. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367(A), over any and all state law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

4. Venue is proper in the U.S. District Court for the Southern District of West Virginia pursuant to 28 U.S.C. §1391(b) and (c) because at least one of the Defendants reside in the Southern District and the incident(s) complained of herein occurred on or about March 23, 2023, and thereafter in Fayette County, West Virginia, within the Southern District of West Virginia.

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action on each and every of his claims, excepting only the claims for which the Court may grant declaratory and/or injunctive relief pursuant to 28 U.S.C. § 2201 and 2202, and Rule 57 of the W.VA. and Federal Rules of Civil Procedure.

## PARTIES

6. The Plaintiff was at all times relevant hereto a resident of Fayette County, West Virginia, within the Southern District of West Virginia.

7. Upon information and belief, Defendant Deputy Pierson is/was, at all times relevant hereto, a resident of Fayette County, West Virginia, and is/was employed by the Fayette County Sheriff's Department as a patrolman, under the Fayette County Commission.

8. Upon information and belief, Defendant Deputy Fox is/was, at all time relevant hereto, a resident of Fayette County, West Virginia, and is/was employed by the Fayette County Sheriff's Department as a patrolman, under the Fayette County Commission.

9. Upon information and belief, John and Jane Does are/were, at all times relevant hereto, residents of Fayette County, West Virginia, and are/were employed by the Fayette County Sheriff's Department and or patrolmen. At all times set forth herein, Does are/were acting as police officers for the Fayette Police Department. Does are name in their individual and official capacity.

10. Defendant Fayette County Commission (FCC) is a political subdivision within the meaning of the West Virginia Governmental Tort Claims and Insurance Reform Act, W. Va. Code § 29-12A-3(c), with the power to provide for, establish, equip, and maintain a police force or department pursuant to W. Va. Code § 8-14-1. As such, FCC is responsible for the policies, and customs of the officers employed as police officers by the Fayette County Sheriff's Department, including but not limited to the hiring, training, supervision, control, and discipline of its law enforcement officers and its employees.

11. Upon information and belief, Defendant Trooper Milam is/was, at all time relevant hereto, is/was employed by the West Virginia State Police as a Trooper.

12. Defendant WV State Police is a State Law Enforcement Agency. As such, WVSP is responsible for the policies, and customs of the officers employed as police officers by the

WVSP, including but not limited to the hiring, training, supervision, control, and discipline of its law enforcement officers and its employees.

**STATEMENT OF FACTS**

13. The plaintiff was arrested, beaten and injured on March 23, 2023.

14. On this date, the plaintiff was suffering from pneumonia and his white blood cells were high from infection.

15. The plaintiff had been working too many hours and began to get sick.

16. The plaintiff was a cook at I-Hop Restaurant and was working 60 hours per week.

17. Due to the infection and sickness, he wandered out of his house and began walking the road in his underwear and was not in the right state of mind.

18. The plaintiff was severely dehydrated and was not aware of the surroundings around him while he was walking down the street in front of his house.

19. The West Virginia State Police and Fayette County Sheriff's Department were called due to the Plaintiff walking in his underwear.

20. When the Troopers and Officers arrived they began cussing the Plaintiff and tazed the Plaintiff approximately four times.

21. The plaintiff was totally unaware of his surroundings due to his medical condition.

22. The plaintiff was also thrown on the ground and choked while being handcuffed.

23. The beating of the Plaintiff was approximately 26 minutes long.

24. While being loaded onto the stretcher the Troopers and Officers began beating the plaintiff.

25. The plaintiff was strapped to the stretcher and could not protect himself from the beating.

26. Due to the beating the Plaintiff blacked out.

27. During the attack the Defendants broke the Plaintiffs shoulder.

28. The Plaintiff went to Beckley ARH where he was hospitalized for 3 days.

29. He also had to undergo surgery on his shoulder.

30. The plaintiff had multiple other injuries.

31. The Plaintiff is now looking at a full shoulder replacement as he is still having issues from the beating.

32. This incident was caught on video by the Plaintiffs fiancé.

33. Ernest has a broken shoulder from the incident and has incurred over $50,000 in medical bills since the injury.

34. The plaintiff was employed and lost his job due to this.

**COUNT ONE- EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT AGAINST DEFENDANTS DEPUTY PIERSON,  DEFENDANT DEPUTY FOX, DEFENDANT TPR. MILAM, DEF. FCC AND DEFENDANT WVSP**

35. Plaintiff realleges and incorporates paragraphs 1 through 34 above as if fully set forth herein.

36. At all times mentioned in the Complaint, the Plaintiff enjoyed a right under the Fourth Amendment of the U.S. Constitution and West Virginia common law not to be seized without probable cause.

37. On or about March 23, 2023, Deputy Pierson, acting under color of state law, handcuffed the Plaintiff Tilley by using excessive force and beating the Plaintiff while handcuffed and before.

38. On or about March 23, 2023, Deputy Fox, acting under color of state law, speared plaintiff Tilley by using excessive force and beating the Plaintiff while handcuffed and before.

39. On or about March 23, 2023, Tpr. Milam, acting under color of state law, speared plaintiff Tilley by using excessive force and beating the Plaintiff while handcuffed and before.

40. On or about March 23, 2023, Deputy Pierson, Deputy Fox and Tpr. Milam acting under color of state law, falsely and without cause, arrested and tackled Ernest, who was not violating the law.

41. Deputy Fox was intentionally aided in his action by Defendant Deputy Pierson and Tpr. Milam, acting under color of state law.

42. Upon information and belief, Defendant Deputy Pierson, Defendant Deputy Fox and Defendant Tpr. Milam were intentionally aided in their actions by Defendant John and Jane Does, acting under color of state law.

43. The actions of Defendant Deputy Pierson, Defendant Deputy Fox, Defendant Tpr. Milam and Defendant John and Jane Does in seizing and arresting the Plaintiff was unreasonable and in excess of the force needed under the circumstances, if any, and was conducted in violation of the Plaintiff's Fourth Amendment right to be free from reasonable searches and seizures.

44. The actions of Defendant Deputy Pierson, Defendant Deputy Fox, Defendant Tpr. Milam and, John and Jane Does in seizing and arresting the Plaintiff was willful, wanton, and reckless.

45. As a direct and proximate result of Deputy Fox, Defendant Deputy Pierson, Defendant Tpr. Milam and Defendant John and Jane Does' violation of the Plaintiff's Fourth Amendment right against excessive force, the Plaintiff suffered damages.

**COUNT TWO- FALSE ARREST IN VIOLATION OF THE
FOURTH AMENDMENT AND STATE LAW AGAINST DEFENDANT DEPUTY FOX,
DEFENDANT DEPUTY PIERSON, DEFENDANT TPR. MILAM AND JOHN AND
JANE DOES**

46. Plaintiff realleges and incorporates paragraphs 1 through 45 above as if full set forth herein.

47. At all times mentioned in the Complaint, the Plaintiffs enjoyed a right under the Fourth Amendment of the U.S. Constitution and West Virginia common law not to be seized without probable cause.

48. On that date, Defendants Deputy Fox, Deputy Pierson, Tpr. Milam and John and Jane Does, acting under color of state law and knowing that there was no probable cause to arrest the Plaintiff.

49. Defendants Deputy Fox, Deputy Pierson, Tpr. Milam and John and Jane Does arrested Tilley without probable cause and without an actionable offense.

50. Plaintiff Tilley was arrested and then taken to the hospital.

51. The actions of Defendants in seizing and arresting the Plaintiff were willful, wanton and reckless.

52. As a direct and proximate result of Defendants violation of the Plaintiff's clearly established rights, the Plaintiff suffered damages.

**COUNT THREE- MALICIOUS PROSECUTION IN VIOLATION
OF THE FOURTH AMENDMENT AND FOURTEENTH AND STATE LAW
AGAINST DEFENDANTS DEPUTY FOX, DEPUTY PIERSON, TPR. MILAM, AND
JOHN AND JANE DOES**

53. Plaintiff realleges and incorporates paragraphs 1 through 52 above as if fully set forth herein.

7

54. At all times mentioned in the Complaint, the Plaintiffs enjoyed a right under the Fourth and Fourteenth Amendments of the U.S. Constitution and West Virginia common law not to be seized without probable cause.

55. In causing the prosecution of the plaintiff without probable cause, Defendants did so with malice.

56. The action of Defendants in causing the prosecution of the Plaintiffs was willful, wanton and reckless.

57. As a direct and proximate result of Defendants violation of Plaintiffs' clearly established rights, Plaintiff suffered damages.

**COUNT FOUR- FAILURE TO TRAIN AND SUPERVISE OFFICERS AND OR PATROLMEN UNDER STATE LAW AGAINST FAYETTE COUNTY COMMISSION AND WVSP**

58. Plaintiff realleges and reasserts all paragraphs 1 through 57 by reference as if fully set forth herein.

59. As the governing body the Fayette County Sheriff's Department, the FCC is responsible for the training of deputies with the FCSD.

60. Due to the large number of illegal and improper incidents involving the FCSD, it is clear that the FCC has not properly trained these two deputies.

61. Due to the large number of illegal and improper incidents involving the WVSP, it is clear that the WVSP has not properly trained Tpr. Milam.

62. As part of the duty to train officers and or patrolmen, Defendants FCC and WVSP had a duty to properly train and supervise officers and or patrolmen in the areas of criminal law, criminal procedure, the laws of arrest, search and seizure, and de-escalation.

## COUNT FIVE- UNCONSTITUTIONAL POLICY OF ARRESTING FOR OBSTRUCTING AN OFFICER AGAINST THE FCC AND WVSP.

63. Plaintiff realleges and reasserts all paragraphs 1 through 62 by reference as if fully set forth herein.

64. Defendants FCC and WVSP have a policy, either express or implied, of charging a person with obstructing an officer, even if there was no probably cause to arrest the person and/or no active warrant issued against the person, whenever officers and or patrolmen would use excessive force against persons, as was done with the Plaintiff.

65. Defendants FCC and WVSP have a policy of commonly arresting for obstructing an officer even when there was no probably cause to arrest the person and/or not active warrant issues against the person rises to the level of a custom or policy that subjects individuals in in the jurisdiction, particularly the Plaintiffs, to violations of constitutional rights.

66. Defendants FCC and WVSP policies of commonly arresting for obstructing an officer even when there was no probable cause to arrest the person and/or not active warrant issues against the person showed deliberate indifference to the rights of persons with whom officers and or patrolmen come into contact, including the Plaintiffs.

67. As a consequence of Defendants FCC and WVSP policies of commonly arresting for obstructing an officer even when there was no probably cause to arrest the person and/or not active warrant issues against the person.

68. As a consequence of Defendants FCC and WVSP policies of commonly arresting for obstructing an officer even when there was no probably cause to arrest the person and/or not active warrant issues against the person, it was plainly obvious that the  officer and or

patrolmen and troopers would arrest an individual against whom excessive force was used for obstructing an officer, in an effort to cover up the use of excessive force.

69. As a direct and proximate cause of the FCC and WVSP policies of commonly arresting for obstructing an officer even when there was no probable cause to arrest the person and/or no active warrant issued against the person, the Plaintiffs suffered damages.

## COUNT SIX- FAILURE TO TRAIN AND SUPERVISE OFFICERS AND OR PATROLMEN AGASINST THE FCC AND WVSP.

70. Plaintiff realleges and reasserts all paragraphs 1 through 69 by reference as if fully set forth herein.

71. As the political subdivision responsible for establishing, equipping, and maintaining a police force within Fayette County, the FCC is responsible for the training of police officers in the FCSD.

72. As a state agency responsible for establishing, equipping, and maintaining a police force within the State of West Virginia, the WVSP is responsible for the training of police officers in the state.

73. As part of the duty to train officers and or patrolmen, Defendants FCC and WVSP had a duty to properly train and supervise officers and or patrolmen in the areas of criminal law, criminal procedure, the laws of arrest, search and seizure, and de-escalation.

## COUNT SEVEN- ASSAULT AND BATTERY AGAINST DEFENDANTS DEPUTY FOX, DEPUTY PIERSON AND TPR. MILAM

74. Plaintiff realleges and reasserts all paragraphs 1 through 73 by reference as if fully set forth herein.

75. On or about March 23, 2023, Defendant Deputy Fox, Deputy Pierson and Tpr. Milam acted with the intent to cause a harmful or offensive contact with the plaintiff, or an imminent apprehension of such a contact to the Plaintiff.

76. On or about March 23, 2023, a harmful contact with the Plaintiffs directly or indirectly resulted from the intentional acts of Defendants Deputy Fox, Deputy Pierson and Tpr. Milam, in violation of West Virginia common law.

77. Defendants Deputy Fox, Deputy Pierson and Tpr. Milam acted willfully, intentionally, and unlawfully.

78. As a direct and proximate result of Defendant Deputy Fox, Deputy Pierson and Tpr. Milam's assault and battery on the Plaintiffs, the Plaintiff suffered damages.

## COUNT EIGHT – EXTREME AND OUTRAGOUS CONDULT; EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS

79. Plaintiff realleges and incorporates paragraphs 1 through 78 above as if fully set forth herein.

80. Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, all of the allegations contained in the above paragraphs of the Complaint.

81. Defendants are liable to the Plaintiffs under the theory of extreme and outrageous conduct and emotional distress.

82. As detailed throughout this Complaint, the Defendants acted in an extremely negligent manner and violated the appropriate standard of care and otherwise engaging in negligent conduct.

83. As a proximate result of Defendants actions, Plaintiffs suffered serious personal injuries for which Plaintiffs should be compensated.

84. Defendants' actions were willful, wanton and/or undertaken with reckless disregard and/or reckless indifference to the rights of Plaintiffs, entitling Plaintiffs to punitive damages in an amount to be determined by the jury.

85. With respect to the West Virginia State Agency defendants, the Plaintiffs specifically seek recovery up to the limits of the applicable insurance policies and possibly beyond.

**PRAYER FOR RELIEF**

Wherefore, your plaintiff, Ernest Tilley, prays for the following relief:

1. Damages, as set forth in this Complaint, and all those allowed by law, including, but not limited to: compensatory damages in a sum consistent with the injuries and injury of Plaintiffs; loss of the reasonably expected earning capacity of the plaintiff; conscious pain and suffering; emotional distress; loss of services of the plaintiff; sustained medical bills for decedent's treatment; including loss of companionship, consortium, support, care, assistance, attention, protection, advice, guidance; statutory damages; lost consortium and punitive damages (as allowed by law and against such parties as those are allowed by law), and all other recoverable damages, in an amount to be determined by the jury;

2. Judgement for damages against all Defendants on the theory of vicarious and strict liability for the actions of their employees, agents, and representatives that proximately caused the injuries of Ernest Tilley.

3. Prejudgment interest and post judgment interest as provided by law.

4. Attorney fees and costs; and

5. Such further recovery and relief as this court may deem just and equitable.

6. With respect to the West Virginia State Agency defendants, the Plaintiffs specifically only seek recovery up to the limits of applicable insurance policies and possibly beyond.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

**ERNEST TILLEY**
**By Counsel**

*/s/Joseph H. Spano, Jr.*
Pritt & Spano, PLLC
1204 Virginia Street, E.
Charleston, WV  25301
(304) 346-7748
WV State Bar ID No: 11373